**IN THE COURT OF APPEALS OF IOWA**

No. 15-1771
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DELBERT A. BLAKE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Christine Dalton,

District Associate Judge.

        Delbert Blake appeals his conviction for operating while intoxicated.

**AFFIRMED.**

        Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney

General, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Delbert Blake appeals his conviction, following a bench trial, for operating while intoxicated (OWI), in violation of Iowa Code section 321J.2(2)(a) (2015). He claims there is insufficient evidence to support his conviction. Because substantial evidence supports the conviction, we affirm.

## I.     Background Facts and Proceedings

In the early morning hours of February 21, 2015, Officer Schroeder of the Davenport Police Department initiated a traffic stop after observing a Chevy Trailblazer drive through a red light and weave within its lane of traffic. When Officer Schroeder approached the vehicle, the driver, Delbert Blake, rolled his window down one inch to speak with Officer Schroeder. While speaking with Blake, Officer Schroeder observed Blake's bloodshot, watery eyes and smelled the odor of an alcoholic beverage emanating from the vehicle, which prompted the officer to order Blake out of the vehicle. Upon Blake's exit of the vehicle, Officer Schroeder noted Blake was unsteady on his feet, "excitable," and smelled strongly of an alcoholic beverage, leading Officer Schroeder to believe Blake was intoxicated.

Officer Schroeder transported Blake to the Scott County Jail in order to conduct field-sobriety and breath tests in a safe location. Blake was highly agitated and emotional during transport and after arrival at the jail. Although Blake verbally agreed to submit to sobriety testing, his lack of physical cooperation rendered the officers unable to perform the tests. At that point, Blake was arrested for OWI.

Blake waived his right to a jury trial. At the bench trial, Officer Schroeder testified that based upon his training and experience and the facts above, he believed Blake was operating his vehicle while intoxicated. Blake elected not to testify. The district court, after viewing video footage of the traffic stop and finding the testimony of Officer Schroeder credible, found Blake guilty of OWI. Blake appeals.

## II. Standard of Review

We review a challenge to the sufficiency of the evidence for correction of errors at law. *See State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). In so doing, we consider all record evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn, and uphold the verdict if it is supported by substantial evidence. *See id.* If a rational fact finder could conceivably find a defendant guilty beyond a reasonable doubt, substantial evidence supports the verdict. *See id.* Evidence is not substantial if it only raises suspicion or allows for speculation or conjecture. *See id.*

## III. Analysis

The offense of operating a motor vehicle while intoxicated consists of two essential elements: (1) the operation of a motor vehicle (2) while under the influence of alcohol. *See* Iowa Code § 321J.2. Blake does not challenge the existence of the first element on appeal but claims there is insufficient evidence to prove he was under the influence of alcohol. Substantial evidence supports the district court's finding of guilt.

A person is "'under the influence' when the consumption of alcohol affects the person's reasoning or mental ability, impairs a person's judgment, visibly

excites a person's emotions, or causes a person to lose control of bodily actions." *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004). Thus, a person's conduct and demeanor are important considerations in making this determination. *State v. Price*, 692 N.W.2d 1, 3 (Iowa 2005). The court may also consider an officer's opinion regarding another person's sobriety. *See State v. Murphy*, 451 N.W.2d 154, 155-56 (Iowa 1990).

The district court considered Officer Schroeder's testimony regarding Blake's appearance, the odor of alcoholic beverage on Blake's breath, and the officer's belief—based on years of experience and training—that Blake was intoxicated. *See id.* Additionally, the district court noted Blake's visibly-excited behavior and found his emotional and agitated interactions with Officer Schroeder evidenced his lack of normal reasoning and mental ability. *See Truesdell*, 679 N.W.2d at 616. Blake's excitable behavior, viewed in conjunction with the odor of alcoholic beverage on his breath and his watery, bloodshot eyes, constitutes substantial evidence supporting the district court's finding Blake was "under the influence" at the time he operated a motor vehicle. His conviction for OWI is accordingly affirmed.

**AFFIRMED.**